UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE WILSON                          CIVIL ACTION

VERSUS                                NO: 13-271

TANGIPAHOA PUBLIC SCHOOL              SECTION: "J" (3)
BOARD, et al.

**ORDER AND REASONS**

Before the Court is Defendants' (12)(b)(6) **Motion to Dismiss (Rec. Doc. 4)**, and Plaintiff's opposition thereto **(Rec. Doc. 9)**. Defendants' motion was set for hearing on July 3, 2013, on the briefs. The Court, having considered the motion and memoranda of counsel, the record, and the applicable law, finds that Defendants' motion should be **GRANTED IN PART AND DENIED IN PART** for the reasons set forth more fully below.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

The facts of this case are straightforward and, for the purposes of this motion, undisputed.  Plaintiff worked for the

1

Defendant, Tangipahoa Parish School Board ("School Board") as a full-time bus driver from 1988 through 1998, at which time he voluntarily resigned. During that time, Plaintiff did not receive any traffic tickets or employer write-ups. In 2001, Plaintiff started working for the School Board again as a part-time bus driver and maintained the permits and licensing required to operate school buses. Plaintiff avers that he applied for full-time, contractual employment with the School Board as a bus driver every June, beginning in 2001 through 2012, but was denied employment each time. Plaintiff alleges that he was passed over for employment in favor of "significantly less qualified Caucasian bus drivers," including drivers who had "felony or other disqualifying convictions or conditions on the public record." Rec. Doc. 1, ¶ 6. Plaintiff alleges that Defendant, Superintendent Mark Kolwe ("Kolwe"), and Defendant, Chief Financial Officer Bret Schnadelbach ("Schadelbach"), "had direct and personal supervisory involvement in all decisions to hire, or not to hire full time, contractual bus drivers for the Parish School Board, and that their decision to pass over Plaintiff in favor of less qualified Caucasians constitutes discrimination on the basis of race." Rec. Doc. 1, ¶¶ 6, 7.

Plaintiff filed his complaint on February 13, 2013 alleging

2

that Defendants "participated in conduct which had a discriminatory purpose and effect on the basis of Plaintiff's race, in violation of Title 42 of the United States Code, Section 1981, of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States, and of Louisiana state law including, without limitation La. R.S. 23:332 et seq." Rec. Doc. 1 ¶ 7. Plaintiff further alleged that such conduct puts the School Board "in violation of the Court's Orders enjoining such discriminatory hiring practices and instituting curative measures" as set forth in Moore, et al. v. Tangipahoa Parish School Board, Civil Action No. 65-15556. Defendants responded by filing the instant motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) on June 5, 2013.   Upon leave to file a late opposition (Rec. Doc. 8), Plaintiff filed his opposition on June 27, 2013.

**THE PARTIES' ARGUMENTS**

Defendants rely on Oden v. Oktibbeha County., Miss., 246 F.3d 458, 462-3 (5th Cir. 2001) to argue that their motion should be granted because Plaintiff improperly asserted a claim under 42 U.S.C. Section 1981 which does not provide an independent cause of action against state actors. Defendants contend that Plaintiff should have asserted his claims under 42 U.S.C. Section 1983, but

3

that, had he done so, Defendants would still be entitled to dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6) for the following reasons:

Citing to Romero v. Becken, 256 F.3d 349, 355 (5th Cir. 2001), Defendants assert that Section 1983 claims against Defendants Kolwe and Schnadelbach in their official capacities would be dismissed because they would duplicate a Section 1983 claim against the School Board. Defendants further contend that Plaintiff's complaint fails to state a claim against the School Board under Section 1983 because Plaintiff fails to allege any facts that would "ultimately show that the alleged violation of his rights was a result of an official school board policy or that the allegedly offending employees possessed the authority to make official School Board policy on the issues of administration or employment matters" as is required under Weathers v. Lafayette Parish School Bd., 520 F.Supp.2d 827, 831 (W.D. La. 2007). Rec. Doc. 4-1, p, 6.

As to any individual Section 1983 claims against Kolwe and Schnadelbach, Defendants argue that, as evidenced in Wicks v. Mississippi State Employment Services, 41 F.3d 991, 994-95 (5th Cir. 1995), the Fifth Circuit has adopted a heightened pleading requirement applicable to Section 1983 cases against individuals

when qualified immunity may be asserted. Defendants aver that Plaintiff's complaint does not meet this heightened standard because he did not specify any persons who were personally involved in or causally connected to the decision to not hire Plaintiff as required by <u>Anderson v. Pasadena Independent School District</u>, 184 F. 3d 439, 443 (5th Cir 1999). Defendants contend that Plaintiff's statement that Kolwe or Schnadelbach had "direct and personal supervisory" involvement is conclusory, thus insufficient to satisfy the heightened pleading standard. Finally, Defendants request dismissal of Plaintiff's state law claims because Kolwe and Schnadelbach do not fit the definition of "employers" under La. R.S. 23:302(2).

Although Plaintiff concedes that Section 1983 is the proper vehicle for his claim, he argues that the facts alleged in his complaint are sufficient to state a claim under this section. Plaintiff concedes that Kolwe and Schadelbach may not be held vicariously liable for discrimination, but maintains, citing to <u>Vance v. Ball State University</u>, 133 S.Ct 2434 (2013), that Kolwe and Schnadelbach may be held liable under Section 1983 if (a) they were personally involved in the violation and (b) there is a causal connection between their conduct and the violation. Plaintiff further maintains that, by refusing to contract with

Plaintiff based on his race, Defendants violated his constitutional rights under <u>Perry v. Sinderman</u>, 408 U.S. 593 (1972), wherein the Court held that a contract cannot be refused based on constitutionally impermissible grounds. Plaintiff further argues that, in light of Kolwe and Schnadelbach's direct and personal supervisory authority over hiring, it is reasonable to infer that there is discriminatory intent and purpose as is required under an Equal Protection analysis. Plaintiff also argues that Kolwe and Schnadelbach are not entitled to qualified immunity because they violated Plaintiff's clearly established rights.

As to the liability of the School Board, Plaintiff contends that, taking into consideration the ongoing history of discrimination evidenced by <u>Moore</u>, it is reasonable to infer that the School Board has a custom of discriminatory hiring that caused Plaintiff's rights to be violated. Plaintiff did not address Defendants' challenge of his state law claims. Finally, Plaintiff asserts that he is entitled to and requests the opportunity to amend his complaint if the Court finds his pleading deficient.

**LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).  The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

While the United States Supreme Court has expressly stated

that there is no heightened pleading requirement for Section 1983 actions against municipalities, the Court has not addressed whether there is a heightened pleading requirement for Section 1983 actions against individuals where qualified immunity is at issue. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 165-66 (1997). In the Fifth Circuit, to survive a motion to dismiss a Section 1983 claim against an individual, the plaintiff must "allege the particular facts forming the basis of his claim, including those preventing [the individual defendant] from successfully maintaining a qualified immunity defense." Wicks, 41 F.3d at 994-95.

## DISCUSSION

### A.  Section 1981 Claim

Defendant asserts, and Plaintiff concedes, that Section 1981 is not the appropriate provision under which to bring Plaintiff's claim. Section 1981 creates substantive rights, but does not create a cause of action. Oden, 246 F.3d at 462-63. The proper course of action in this instance would be one that alleges a violation of the substantive rights granted in Section 1981, which gives rise to liability for damages under Section 1983. Therefore, Defendants' motion to dismiss should be granted. Nevertheless, "if the information set forth in the complaint does

not adequately apprise the defendant of the nature of plaintiff's claim, the court should allow the plaintiff to amend the pleadings to more plainly delineate the cause of action rather than dismiss the complaint." Sarter v. Mays, 491 F.2d 675, 676 (5th Cir. 1974). As such, the Court will grant Plaintiff leave to amend his complaint to assert the proper cause of action under Section 1983, unless the amendment would prove to be futile. The potential utility of granting Plaintiff leave to amend is discussed below.

**B. Section 1983 Claims**

Both parties provided the Court with briefing on the issue of whether it would be proper to dismiss this matter for failure to state a claim under 42 U.S.C. Section 1983. Therefore, the Court will also address this issue to determine if leave to amend to assert a Section 1983 claim is futile.  The Court finds that Plaintiff has stated a Section 1983 claim against the School Board.  Moreover, the Court finds that, upon amendment, Plaintiff could state a Section 1983 claim against Defendants Kolwe and Schnadelbach in their individual capacities only. Plaintiff has presently failed to state, and will not be able to state, a Section 1983 claim against Defendants Kolwe and Schnadelbach in their official capacity.

9

## 1. Section 1983 Official Capacity Claims

Defendants correctly assert that a Section 1983 claim against Kolwe and Schnadelbach would have to be dismissed because such a claim against officials must be dismissed when the governmental entity is also a defendant because the claims against the officials merely duplicate the claims against the entity. Romero, 256 F.3d at 355. Therefore, an official capacity claim against Kolwe and Schnadelbach should not be asserted in the amended complaint.[1]

Plaintiff may assert an official capacity claim against the School Board, however. A governmental entity may be held liable under Section 1983 if Plaintiff proves (a) the existence of official policies or customs, (b) that causes, (c) a deprivation of a federal right. Monell v. Dept. of Social Servs. of City of New York, 436 U.S. 658, 690-91 (1978); Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 103, 105 (1989).

### a. Official Policy or Custom

Absent proof of an official policy, a plaintiff has a viable claim if they can show that an unconstitutional custom caused a violation of his rights. Monell, 436 U.S. 658 at 690-91. A custom

---

[1]Defendants insistence that Kolwe and Schnadelbach are not final policymakers need not be addressed because a defendant's status as a policymaker is only relevant for official capacity claims, and such claims against Kolwe and Schnadelbach have been dismissed.

is described as "a persistent, widespread practice of [parish] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." <u>Campbell v. City of San Antonio</u>, 43 F.3d 973, 977 (5th Cir. 1995). "A customary municipal policy cannot ordinarily be inferred from single constitutional violations." <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 581 (5th Cir. 2001).

Defendants correctly state that Plaintiff's complaint does not allege any facts pointing to an official policy to discriminate against African-Americans. Defendant overlooks, however, that Plaintiff may also present proof of a custom to succeed on this claim. To make this showing, Plaintiff relies on the continuing oversight of the School Board resulting from <u>Moore</u>. A review of the proceedings in <u>Moore</u> shows that, as recently as June 2013, the School Board and the plaintiffs in <u>Moore</u> continue to dispute whether the School Board engages in discriminatory hiring practices. While the recent dispute in <u>Moore</u> did not concern the hiring of bus drivers, it does allow the Court to draw a reasonable inference that discriminatory hiring patterns may still exist.

11

**b. Causation**

"[A] governmental entity is liable under § 1983 only when the entity itself [through its policies and customs] is a moving force behind the deprivation." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985) (internal citations omitted). Though Plaintiff does not plead any facts that explicitly show causation, taking the facts in Plaintiff's complaint as true, it is reasonable to infer, at this stage, that a pattern of discriminatory hiring could cause the alleged discriminatory hiring decisions that violated Plaintiff's rights.

**c. Violation of a Federal Right**

The final element of a Section 1983 claim requires Plaintiff to prove that his federal rights were violated. <u>Monell</u>, 436 U.S. at 690-91; <u>Golden State Transit Corp.</u>, 493 U.S. at 105. The Court will address below whether Plaintiff has made a plausible showing that the School Board violated his Fourteenth Amendment rights under the Equal Protection Clause or through a a violation of 42 U.S.C. Section 1981.

**i. Violation of Plaintiff's Fourteenth Amendment Rights under the Equal Protection Clause**

"To state a claim of racial discrimination under the Equal Protection Clause and Section 1983, the plaintiff must allege and

prove that [he] received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." Bowlby v. City of Aberdeen, Miss., 681 F.3d 215, 227 (5th Cir. 2012) (internal citations omitted). Discriminatory intent requires a showing that the defendant took "a course of action because of, not merely in spite of, [the action's] adverse effects upon an identifiable group." Ashcroft, 556 U.S. at 676-77 (internal citations omitted).

In Bowlby, the Fifth Circuit affirmed the district court's granting of a 12(b)(6) motion to dismiss where a white plaintiff alleged a violation of equal protection because her permit to run a sno-cone stand was revoked due to zoning violations, and other African-American business owners were not cited or shut down due to their non-compliance. Bowlby, 681 F.3d at 218-219, 226-227. The court held that the plaintiff had failed to state a claim because she did not provide any facts that the alleged discrimination was intentional, nor did she provide any information about types of violations the black business owners engaged in or the size, type, or location of the business that she stated were similarly situated. Id. at 227. In Ashcroft, the United States Supreme Court held that statements alleging that an

13

official was the "principal architect" of a policy and that officials "'knew of, condoned, and willfully and maliciously agreed to subject [Plaintiff]' to harsh conditions of confinement 'as a matter of policy, solely on account of his religion, race, and/or national origin and for no legitimate penological reason" were conclusory and not sufficient to prove that the officials had intent to discriminate. Ashcroft, 556 U.S. at 680 (citing plaintiff's complaint, ¶ 96).

Plaintiff pleads enough facts to show that the other bus drivers were similarly situated. Bowlby is distinguishable because it dealt with a large class of people-business owners-thus requiring more facts to determine if the business owners were similarly situated. Here, the Court is only faced with bus drivers applying for the same position. Plaintiff's allegations of intentional discrimination, however, are inadequate. Plaintiff did not plead any facts concerning intentional discrimination that go beyond a bare restatement of the elements of an Equal Protection claim. As in Ashcroft, Plaintiff alleges discriminatory intent in a bare statement of the law that alleges that "the School Board [...] participated in conduct which had a discriminatory purpose and effect on the basis of Plaintiff's race." Rec. Doc. 1, ¶ 7. Moreover, like

Bowlby, wherein the plaintiff pleaded that "there are black-owned business [sic] operating despite their non-compliance," Plaintiff merely pleads that there were white bus drivers hired despite their dis-qualifying attributes.   These legal conclusions will not be accepted as true.

Plaintiff's argument in his opposition that there is an Equal Protection violation because "no person may be refused contract renewal for constitutionally impermissible reasons"[2] fails.   In making this statement, Plaintiff seems to either implicitly invoke a procedural due process violation or to confuse the issues of procedural due process and equal protection.   To the extent that Plaintiff cites to Perry v. Sinderman, 408 U.S. 593 (1972) to support his Equal Protection claim, his argument fails because Perry speaks only to procedural due process claims.   To the extent that Plaintiff asserts a violation of due process, his reliance on Perry is misplaced.   In Perry, the U.S. Supreme Court found that a non-tenured public employee had a right assert a procedural due process claim at trial because his employer had a de facto tenure system in place, not because the plaintiff's subjective expectation of contractual employment was not met, as is the case here.

---

[2]Rec. Doc. 6-2, p. 6.

15

Considering the foregoing, as the Complaint currently exists, Plaintiff would fail to show a plausible claim of intentional discrimination by the School Board.  Upon the Court's granting leave to amend, Plaintiff must include more than a restatement of the law to sustain a claim under Section 1983 based on a violation of the Equal Protection Clause.

### ii. 42 U.S.C. Section 1981 Violation

While Section 1981 does not create a cause of action, it does create substantive rights that can be asserted through a Section 1983 claim. A plaintiff asserting a violation of Section 1981 "must make the same showing required under Title VII." Adams v. McDougal, 695 F.2d 104, 109 (5th Cir. 1983).  The elements of a Title VII prima facie case require a plaintiff to show:

> (i) [t]hat he belongs to a racial minority; (ii) [t]hat he applied and was qualified for a job for which the employer was seeking applicants; (iii) [t]hat, despite his qualifications, he was rejected, and (iv) [t]hat, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

Id.

Here, Plaintiff states in his complaint that (i) he is African-American, (ii) he applied to the School Board for a full-time position as a bus driver, (iii) he was qualified fo the job

and had actually previously been employed in the same position, and (iv) he was rejected for employment, and (v) other non-minority applicants of the same or less qualifications were hired after his rejection.  Taking the pleaded facts as true, Plaintiff adequately pleaded that the School Board violated his rights under Section 1981. Therefore, plaintiff has plausibly pleaded at least one basis for asserting a Section 1983.

**2. Section 1983 Individual Capacity Claims**

The Fifth Circuit has explained that Section 1983 claims against an individual are subject to a

> "heightened pleading requirement, first articulated in *Elliott v. Perez,* [that] requires [plaintiff] to allege the particular facts forming the basis of his claim, including those preventing [the individual defendant] from successfully maintaining a qualified immunity defense. To overcome the immunity defense, the complaint must allege facts that, if proven, would demonstrate that [the individual defendant] violated clearly established statutory or constitutional rights. Heightened pleading demands more than bald allegations and conclusionary [sic] statements. [Plaintiff] must allege facts specifically focusing on the conduct of [defendant] which caused his injury.

Wicks, 41 F.3d at  994-95.[3] While conclusory allegations will not

---

[3]The subject of pleading standards as they relate to qualified immunity has been extensively debated in the Fifth Circuit. The Fifth Circuit's previous requirement of heightened pleading in all Section 1983 cases was called into question when the Supreme Court held that courts may not require heightened pleading in Section 1983 cases against municipalities. Leatherman, 507 U.S. at 165-6 (1993). Some time after that decision, in an *en banc* opinion, the Fifth Circuit upheld the heightened pleading standard for Section

survive a motion to dismiss, the Fifth Circuit has recognized that the specific details of a case may not be available during the early stages of pleading. <u>Anderson</u>, 184 F.3d at 443-44. In <u>Anderson</u>, the Fifth Circuit reversed the district court's grant of defendant's 12(b)(6) motion to dismiss where the plaintiff's complaint "specifically enumerated several decisions that adversely impacted his employment" even though the complaint did not allege any facts indicating which individual defendants personally made those decisions. <u>Id</u>. The court reasoned that the plaintiff was not trying to hold every defendant accountable for actions that he did not take, but rather the plaintiff simply was not able to determine, without further discovery, which defendants were involved in the decisions that took place behind closed doors. <u>Id</u>.

In the present case, Plaintiff alleges that Kolwe and Schnadelbach had "direct and personal supervisory involvement in all decisions to hire, or not to hire, full time, contractual bus drivers." This allegation walks the line between conclusory and merely needing more discovery as was the case in <u>Anderson</u>. On one hand, the statement is somewhat confusing, and it is hard to

---

1983 claims against individuals. <u>Schultea v. Wood</u>, 47 F.3d 1427, 1430 (5th Cir. 1995); <u>Anderson</u>, 184 F.3d at 443.

reasonably infer that the CFO and Superintendent of the School Board are charged with day-to-day hiring of support staff. On the other hand, it is possible that the facts needed to prove personal involvement would only be attainable with more discovery. However, whether this statement is sufficient to state a claim under Section 1983 against Kolwe and Schnadelbach in their individual capacities need not be decided today.   In Anderson, the plaintiff had already been granted leave to amend once, and such amendments have not yet occurred in this matter. Schultea urges courts to avoid forcing plaintiffs to anticipate the qualified immunity defense; and, it must be recognized that "although a court may dismiss [a] claim [for failure to plead with particularity], is should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." Schultea, 47 F.3d at 1430; Hart v. Bayer Corp., 199 F.3d 239, 248 n.6 (5th Cir. 2000). As such, Plaintiff will be allowed an opportunity to supplement his complaint with more facts tending to prove that Kolwe and Schnadelbach had direct involvement in the hiring decision.

## C.  State Law Claims

Plaintiff alleges in his complaint that the School Board,

Kolwe, and Schnadelbach are liable under Louisiana Revised Statute 23:332. This statute makes it unlawful for an employer to "intentionally fail or refuse to hire or to discharge any individual, or otherwise to intentionally discriminate against any individual with respect to his compensation, or his terms, conditions, or privileges of employment" or to "intentionally limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or otherwise adversely affect his status as an employee" because of the individual's race, color, religion, sex, or national origin." La. R.S. 23:332 (West 2012). The statute specifically defines an "employer" as "a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee *and, in return, giving compensation of any kind to an employee*." La. R.S. 23:302(2) (West 2012) (emphasis added).

**1. State Law Claims against Kolwe and Schnadelbach**

Defendants point out that the statute's definition of "employer" does not apply to Defendants Kolwe and Schnadelbach. The Court agrees. There are no facts to support the contention that either of the individual defendants compensated Plaintiff in

20

return for his services, therefore Plaintiff has failed to state a claim against Defendants Kolwe and Schnadelbach under Louisiana's anti-discrimination statute. <u>See</u>, <u>Seal v. Gateway Companies, Inc.</u>, No. 01-cv-1322, 2002 WL 10456, *3-*7 (E.D. La. 2002) (Englehardt, J.) (pointing out that the definition of employer clearly and purposefully does not adopt a "right to control" test, but rather bases employment status on whether the employer is the one compensating the employee.). Therefore, Defendants' motion must be granted in regards to state law claims against Defendants Kolwe and Schnadelbach.

**2. State Law Claims against the School Board**

Neither party presented any legal authority or argument concerning Plaintiff's state law claims against the School Board. Based on the facts alleged, however, it can be reasonably inferred that Defendant School Board is the party compensating Plaintiff, and therefore is covered under La. R.S. 23:332.

It has been consistently held that this statute mirrors federal law, which allows courts to look to Title VII of the Civil Rights Act of 1964 to determine whether a plaintiff has stated a claim. <u>Wyercik v. Bayou Steel Corp.</u>, 887 F.2d 1271, 1274 (5th Cir. 1989); <u>Plummer v. Marriott Corp</u>., 654 So.2d 843, 848 (La. App. 4th Cir. 1995); <u>Seal</u>, 2002 WL 10456 at *3. As

21

discussed above, Plaintiff has alleged sufficient facts to state a claim under Title VII; therefore, absent any showing by Defendants that Plaintiff fails to state a claim, Defendants motion to dismiss must be denied as it relates to state law claims against the School Board.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' **Motion to Dismiss (Rec. Doc. 4)** is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's claims under 42 U.S.C. Section 1981 are **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff's state law claims against Defendants Kolwe and Schnadelbach are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to amend his complaint to assert a claim against the School Board under Section 1983 and claims against Defendants Kolwe and Schnadelbach under Section 1983 in their individual capacities only. Plaintiff must submit an amended complaint within **twenty-one (21) days of entry of this Order**. Failure to amend Plaintiff's complaint within the required period will result in complete dismissal of all of Plaintiff's claims.

New Orleans, Louisiana, this 15th day of July, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE